10-5265-ag
*Hussain v. Holder*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
                  *Circuit Judges,*
         J. GARVAN MURTHA,*
                  *District Judge.*

_____

IJAZ HUSSAIN, AKA MUHAMMAD ARIF,

                  *Petitioner,*

         v.                          10-5265-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL

                  *Respondent.*

_____

FOR PETITIONER:    AMY NUSSBAUM GELL, Gell & Gell, New York, NY.

FOR RESPONDENT:    WALTER BOCCHINI, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice (Tony

_____

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

West, Assistant Attorney General, Linda S. Wernery, Assistant Director, James E. Grimes, *on the brief*), *for* Eric H. Holder, Jr., United States Attorney General, Washington, D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") decision is **DENIED**.

Petitioner Ijaz Hussain, a native and citizen of Pakistan, seeks review of the December 1, 2010 order of the BIA, affirming the June 4, 2009, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying Hussain's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ijaz Hussain*, No. A088 527 640 (B.I.A. Dec. 1, 2010), *aff'g* No. A088 527 640 (Immig. Ct. N.Y. City Jun. 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA agrees with the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decisions, we review both the BIA's and the IJ's opinions." *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's adverse credibility determination under the substantial evidence standard, treating it as "conclusive unless any reasonable adjudicator

2

would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007) (per curiam).

We conclude that the evidence supporting the agency's adverse credibility determination was substantial.  The evidence includes Hussain's poor demeanor, lack of candor, unresponsiveness, as well as the implausibility and inconsistencies in his testimony.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  For instance, the IJ noted that Hussain had a "poor" demeanor because his "facial expressions" were "contrived," he testified as if he was "presenting a script as opposed to [discussing] real life events," and "[t]here was a significant lack of a natural flow to some of his testimony."  The IJ also found that Hussain's testimony lacked candor and was unresponsive because "there was a significant lack of any meaningful details," he was evasive, and it was "'like pulling teeth' to get him to answer even simple questions."  In this vein, when Hussain was asked questions about his visa application in Pakistan, the IJ noted that he had to be asked the same question "three or four times," was "clearly extremely evasive," and ultimately admitted that he lied to the consular officer.

Hussain's testimony was also inconsistent and implausible at times. The IJ observed that Hussain's lawyer in Pakistan did not mention any threats against him in his letter despite Hussain's contentions that his lawyer was threatened. When asked about the omission, Hussain responded that his attorney did not mention being threatened because if he had, "nobody [would] hire [him] as his lawyer because in a way they'll say . . . he's gone scared now." It was reasonable for the IJ to conclude that this response was "not credible at all."

Moreover, the IJ reasonably concluded that Hussain's justification for failing to produce his real passport was not credible. Hussain claimed that it would be illegal under Pakistani law to mail his passport to the United States. The IJ concluded that based on this answer and the fact that the passport Hussain produced with his asylum application was fraudulent, he had "absolutely no confidence" that Hussain is who he claims to be.

Because Hussain's claims for asylum, withholding of removal and CAT relief were based on the same factual predicate, the BIA did not err in denying both claims based on the IJ's underlying adverse credibility determination. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5